DOYAL, for use, v. JOHNS et al.

In an action upon a forthcoming bond which recites a levy upon the property attached, it is not necessary for the plaintiff to introduce the attachment in evidence, provided he introduces the *fi. fa.* which issued upon the judgment recovered in the attachment case with a return of *nulla bona;* and the *fi. fa.* showing the amount so recovered, it is not necessary to introduce the judgment itself. The case of *Harden* v. *Webster*, 29 *Ga.* 427, is silent as to the purpose for which the execution under which the levy was made was received in evidence, but doubtless the object was to show the existence of the debt and the amount thereof, or else to meet evidence produced by the defendant tending to show that, contrary to the recitals of the bond, the property was seized without legal authority. On principle, the recital of seizure under attachment, or execution, would import *prima facie* a legal seizure.

August 23, 1892.                                      *Judgment reversed.*

Forthcoming bond. Evidence. Attachment. Judgment. Levy. Before Judge JANES. Paulding superior court. August term, 1891.

Action by Doyal, former constable, for the use of Tolbert, against Johns and Cain, upon a forthcoming bond. A nonsuit was granted, to which ruling, and to certain rulings upon evidence hereafter mentioned, plaintiff excepted.

The plaintiff tendered the forthcoming bond, which was a bond to Doyal, L. C., conditioned for the forthcoming of a certain horse levied upon and advertised to be sold on the first Saturday in December, 1884, to satisfy an attachment in favor of Tolbert. To the introduction of this bond defendant objected upon the ground that it was inadmissible without the attachment which was levied when the bond was given. The court admitted the bond, but at the same time ruled that plaintiff would be obliged to introduce the attachment before his case would be sufficiently made out to go to the jury. To this ruling plaintiff excepted. Plaintiff then introduced testimony of Doyal, to the effect that

he levied the attachment, being the constable of the
district at the time, and defendants gave him the bond;
that he saw both of them sign the bond, which they
delivered to him for the purpose of getting possession
of the horse he had levied on, which horse was worth
from $25 to $35 at the time. Hodnett testified: Tol-
bert gave him the note on Johns for collection, and
he had had charge of the claim ever since; had never
collected anything on it, and the entire amount speci-
fied in the execution, besides interest since judgment,
was due. When the note was given him for collection,
he sued out an attachment for the purchase money of
the horse, and gave it to the constable to execute. The
case was brought to the superior court twice by *certiorari*,
and the *certiorari* was sustained and the case sent back
each time, and then this third judgment was entered
in the justice's court against the defendant for the
amounts specified in the execution. Witness never saw
the bond sued on until after the third judgment was
rendered. Defendant Johns and his attorney both told
witness, before this suit was instituted, that Johns had
disposed of the horse in 1886, for his own benefit.
(This suit was brought in December, 1888.) Witness
has searched diligently, together with the magistrates
of the district in which the judgment was rendered,
through all of the court papers in possession of the magis-
trates at the time the searches were made, for the at-
tachment, but they could not find it, and witness does
not know where it is, and the magistrates claimed not
to know where it was. Witness has not seen it since
the last judgment was rendered. It was in court the
last time he saw it. He has hunted, searched and in-
quired for it several times since this suit was instituted,
has been unable to find it and does not know where
it is. He has not served defendants with notice to pro-
duce the attachment.

Plaintiff then tendered the execution that issued from the third justice's court judgment, to which defendants objected, upon the ground that it was inadmissible, and that the judgment itself should be introduced. The court admitted the execution, but at the same time ruled that plaintiff must introduce the judgment from which the execution issued, before his case could go to the jury. To this ruling plaintiff excepted. The execution was dated June 29, 1888, and recited that it was based on a judgment of July 2, 1887, in favor of Tolbert against Johns, and directed that the amount of it should be made of the goods, etc. of Johns, and particularly of the property attached for purchase money in this case, describing the property substantially as described in the forthcoming bond. Upon this execution was an entry of *nulla bona,* June 30, 1888. Plaintiff then offered to prove the contents of the attachment by parol testimony, or to introduce a copy of the attachment with the entry of the levy thereon, both of which were refused by the court, upon the ground that it was not sufficiently shown that the original attachment was lost or inaccessible to plaintiff. To this ruling plaintiff excepted. Plaintiff then closed, and the motion for nonsuit was sustained.

CAPERS HODNETT, by brief, for plaintiff.
GEORGE P. ROBERTS, by brief, for defendants.